UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK DONEHUE LUETKEMEYER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:13-CV-1110 (CEJ) |
| COLUMBIA PUBLIC SCHOOLS, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), (3) and (6). Plaintiff has not responded, and the time allowed for doing so has expired.

I.  Background

Plaintiff brings this action under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621, *et seq.*, the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101, *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.*, and the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. §§ 213.010, *et seq.* Plaintiff alleges that he was denied employment because of his speech impediment and that defendant failed to accommodate this disability. Plaintiff also alleges a claim of harassment.

Defendant argues that plaintiff's complaint should be dismissed because venue is not proper in this district. Defendant also asserts that the Court lacks jurisdiction because plaintiff failed to exhaust his administrative remedies by failing to file a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights (MCHR).

II. Discussion

A. Venue

Plaintiff resides in Cole County, Missouri; the defendant school district is located in neighboring Boone County, Missouri which is also the location of where the alleged discriminatory actions took place. Both counties are located in the Western District of Missouri. 28 U.S.C. § 105(b)(4). "A civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b). Based on § 1391(b), the defendant argues that venue is improper in the Eastern District of Mssouri.

The Court disagrees. Plaintiff has asserted claims under the ADA and the Rehabilitation Act. These claims are properly brought in the Eastern District of Missouri under a special venue provision in Title VII of the Civil Rights Act of 1964, which allows a case to be filed "in *any judicial district in the State* in which the unlawful employment practice is alleged to have been committed."42 U.S.C. § 2000e-5(f)(3) (emphasis added); See Lewis v. Commonwealth of Pennsylvania, 2007 WL 1247076, *1 (Apr. 5, 2007) (§ 2000e-5(f)(3) includes ADA and Rehabilitation claims).

The fact that plaintiff also asserts claims under the ADEA and the MHRA is of no consequence. Under the pendent venue doctrine, "proper venue as to one claim will support adjudication of any other claim as long as the claims amount to a single cause of action." Noisette v. Geithner, 693 F. Supp. 2d 60, 63 (D.D.C. 2010); Lewis, 2007 WL 1247076, at *2 n.2 (quoting Bragg v. Hoffman Homes, Inc., 2005 WL 272966, *2 n.1 (E.D.Pa. Feb. 3, 2005)) ("[P]endent venue should be exercised where 'the proofs

and the parties are the same for . . . both causes of action.'"); Burkitt v. Flawless Records, Inc., 2005 WL 6225822, *7 n. 35 (E.D.La. June 13, 2005) (noting that pendent venue is often used in cases where venue over one claim is established by a specialized venue statute). Because plaintiff's ADA, ADEA, MHRA, and Rehabilitation Act claims amount to a single cause of action, venue is proper in the Eastern District of Missouri.

### B. Timeliness of the Charge of Discrimination

"Before a plaintiff may file a complaint in federal court alleging violations of the ADA, the ADEA, or Title VII, [h]e must first exhaust [his] administrative remedies." Colquitt v. St. John's Mercy Health Service, Case No. 4:11-CV-1460 (E.D.Mo. Jan. 17, 2012) (citing Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005)). Exhaustion is accomplished by filing a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice. See 42 U.S.C. § 2000e-5(e)(1). Additionally, for claims based on the MHRA, a plaintiff must file a charge of discrimination with the Missouri Human Rights Commission within 180 days of the discriminatory act. See Mo. Rev.Stat. § 213.075(1); Holland v. Sam's Club, 487 F.3d 641, 643 (8th Cir. 2007) (Plaintiff "must file a charge of discrimination within 300 days of the occurrence under Title VII and within 180 days under the MHRA.").

In his charge of discrimination, plaintiff alleged that he applied for a job with the defendant school district on February 15, 2012, but was not hired because of his age, gender, and disability and in retaliation for being related to a congressman. Plaintiff's charge alleges a discrete act of discrimination; there is no allegation of continuing discrimination or other unlawful conduct occurring after February 15, 2012. The charge of discrimination was filed on February 12, 2013---64 days after the deadline under

Title VII and 184 days after the deadline under the MHRA. Thus, plaintiff's ADA, ADEA, and Title VII claims are time-barred and must be dismissed.

However, "an action against a non-federal employer under the Rehabilitation Act does not require exhaustion of administrative remedies." Morales v. Ga. Dep't of Human Res., 446 Fed. Appx. 179, 181 (11th Cir. 2011); see also Batchelder v. I.N.S., 180 Fed. Appx. 614, 615 (8th Cir. 2006) ("[E]xhaustion under Rehabilitation Act is not jurisdictional prerequisite); Williams v. Milwaukee Health Services, Inc., 2013 WL 5567431, *1 (7th Cir. 2013) ("A seeker of relief under the Rehabilitation Act against a recipient of federal money is not required to exhaust the administrative remedies that the Act provides."). The memorandum in support of defendant's motion does not specifically address the plaintiff's claim based on the Rehabilitation Act. Because exhaustion of this claim is not a prerequisite to bringing this action, the claim will not be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. #16] is **granted in part and denied in part**.

An Order of Partial Dismissal is filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of October, 2013.