UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK DONEHUE LUETKEMEYER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:13-CV-1110 (CEJ) |
| COLUMBIA PUBLIC SCHOOLS, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion for reconsideration. Plaintiff has not responded, and the time for doing so has expired.

### I.  Background

Plaintiff brought this action under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621, *et seq.*, the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101, *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.*, and the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. §§ 213.010, *et seq.* Plaintiff claimed that he was denied employment because of his speech impediment and that defendant failed to accommodate his disability. Plaintiff also asserted a claim of harassment.

On August 30, 2013, defendant filed a motion to dismiss the complaint for improper venue and failure to exhaust administrative remedies.  The Court found that venue was proper in the Eastern District of Missouri, but held that plaintiff failed to exhaust his administrative remedies for all claims, except the Rehabilitation Act claim. Thus, the Court issued an order dismissing plaintiff's ADEA, ADA, and MHRA claims for failure to state a claim upon which relief can be granted.  In the instant motion, asks the Court to reconsider its finding that venue was proper.

### II.  Discussion

Plaintiff resides in Cole County, Missouri; the defendant school district is located in neighboring Boone County, Missouri which is also the location of where the alleged discriminatory actions took place.  Both counties are located in the Western District of Missouri.  28 U.S.C. § 105(b)(4).  In the motion to dismiss, defendant argued that venue was improper in the Eastern District of Missouri based on 28 U.S.C. § 1391(b), which states that "[a] civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]"

The Court disagreed with defendant's position.  Instead, the Court relied on the special venue provision in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3), which allows a case to be filed "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed."  The Court then cited to Lewis v. Commonwealth of Pennsylvania, 2007 WL 1247076, *1 (Apr. 5, 2007), to establish that the special venue provision applies to unlawful employment practices alleged under the ADA or the Rehabilitation Act.  The Court further held that under the pendent venue doctrine, the fact that plaintiff also asserted claims under the ADEA and the MHRA was of no consequence.  See Noisette v. Geithner, 693 F. Supp. 2d 60, 63 (D.D.C. 2010). Thus, because plaintiff's ADA, ADEA, MHRA, and Rehabilitation Act claims amounted to a single cause of action, venue was proper in the Eastern District of Missouri.

In the motion for reconsideration, defendant argues that the Court misapplied Lewis in making its venue decision.  The defendant has misinterpreted the opinion.  In holding that venue was proper in this judicial district, the Court used the plain language of § 2000e-5(f)(3) to make its determination.  The Court subsequently cited

to Lewis to support the sole proposition that "§ 2000e-5(f)(3) includes ADA and Rehabilitation claims." See Doc. #19, at 2.  The Court did not, as defendant argues, use Lewis to find that venue was correct anywhere in the state.  Furthermore, although Lewis expressed reservations about the idea of state-wide venue, it did not decide the "thorny legal issue" and acknowledged that courts have gone both ways in interpreting whether § 2000e-5(f)(3) does, in fact, authorize state-wide venue.  See Lewis, 2007 WL 1247076, n.3.  The Eighth Circuit has not yet had the occasion to address this specific issue.  Thus, this Court has opted to apply the plain language of § 2000e-5(f)(3), which allows a case such as this to "be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed[.]"

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for reconsideration of order of partial dismissal [Doc. #23] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2014.